# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT KEATHLEY,

      Petitioner,                       Civil Case No. 13-15300
                                         Criminal Case No. 04-80335

v.                                     Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

      Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION UNDER 28 U.S.C. § 2255 TO VACATE HIS SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____December 15, 2016_____

PRESENT:    Honorable Gerald E. Rosen
                     United States District Judge

## I. INTRODUCTION

By judgment entered on February 14, 2007, Petitioner Robert Keathley was

sentenced to a 252-month term of imprisonment, following his plea of guilty to

charges of conspiracy to distribute over 1,000 kilograms of marijuana and

conspiracy to launder monetary instruments. Petitioner's sentence was later

reduced to a 152-month term of imprisonment in an amended judgment dated

March 9, 2011.[1]  Petitioner did not appeal from his initial or amended judgments of conviction.

Through the present motion brought under 28 U.S.C. § 2255 with the assistance of counsel, Petitioner challenges his sentence as contrary to the rule announced by the Supreme Court in *Alleyne v. United States,* __ U.S. __, 133 S. Ct. 2151 (2013).  Although this motion was filed well beyond the usual one-year period of limitation for seeking relief under § 2255, Petitioner contends that it was timely filed within a year after *Alleyne* was decided.  Alternatively, Petitioner suggests that he is entitled to equitable tolling of § 2255's period of limitation.  As discussed below, the Court finds that Petitioner's motion was not timely filed, and that his appeal to *Alleyne* lacks merit in any event.

## II.  ANALYSIS

Under the plain language of the statute itself, a motion under 28 U.S.C. § 2255 challenging the lawfulness of a conviction or sentence ordinarily must be filed within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  In this case, Petitioner did not pursue a direct appeal of his conviction or sentence, so his initial judgment of conviction became

---

[1]At the time of Petitioner's guilty plea and initial and amended sentencing, District Judge Victoria A. Roberts presided over this case.  By order dated April 17, 2013, the case was reassigned to the undersigned District Judge.

2

final in February of 2007, upon the expiration of the ten-day period for filing a notice of appeal. *See Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004).[2] Even assuming that Petitioner's amended sentence gave rise to a renewed one-year period for seeking relief under § 2255, Petitioner again did not appeal from this amended judgment of conviction, so it became final in March of 2011. It follows that Petitioner's present motion, which was filed in October of 2013, was brought at least a year and a half past the expiration of § 2255's usual one-year deadline.

Petitioner proposes two means of avoiding this time bar, but neither carries the day. First, he appeals to a provision in § 2255 that permits the filing of a motion within a year of "the date on which the right asserted [in the motion] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In Petitioner's view, the Supreme Court's decision in *Alleyne* supplies the requisite "newly recognized" right, and he filed the present motion within a year after this case was decided. The problem,

---

[2]Following a 2009 amendment, Fed. R. App. P. 4(b)(1)(A) now allows for a 14-day period for appealing a judgment of conviction in a criminal case. The version of this rule that was in effect at the time of Petitioner's initial sentencing, however, required that a notice of appeal be filed within ten days after the entry of judgment.

3

however, is that the Sixth Circuit has squarely held that "*Alleyne* does not apply retroactively to cases on collateral review." *In re Mazzio,* 756 F.3d 487, 491 (6th Cir. 2014). Consequently, this Supreme Court ruling does not satisfy each of the conditions set forth in § 2255(f)(3) for triggering a renewed one-year period of limitation.

In apparent recognition of this, Petitioner suggests in his reply brief that his motion is saved from § 2255's one-year period of limitation by the doctrine of equitable tolling, where he was (i) delayed in obtaining counsel due to lack of funds, and (ii) unaware of the statutory one-year limit for seeking relief. As to Petitioner's first argument, because he has no constitutional right to counsel in these § 2255 proceedings, *see Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987); *Brown v. United States,* No. 01-1481, 20 F. App'x 373, 375 (6th Cir. Sept. 21, 2001), Petitioner's inability to secure the funds needed to hire an attorney does not excuse him from exercising the required diligence to ensure that his § 2255 motion was timely filed. Regarding Petitioner's claimed lack of awareness of § 2255's one-year statute of limitation, the courts have held that "[i]gnorance of the limitations period does not toll" this period. *Brown,* 20 F. App'x at 375; *see also Brown v. McKee,* 232 F. Supp.2d 761, 767 (E.D. Mich. 2002); *Rodriguez v. Elo,* 195 F. Supp.2d 934, 936 (E.D. Mich. 2002). Thus, as the

4

Supreme Court has emphasized, "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. United States,* 544 U.S. 295, 311, 125 S. Ct. 1571, 1582 (2005).[3]

Finally, even if Petitioner had timely filed his motion, and even if *Alleyne* were available here as a basis for collateral review of Petitioner's sentence, Petitioner's appeal to this Supreme Court ruling is factually flawed. *Alleyne* extended the principle recognized in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348 (2000), to statutory minimum as well as maximum sentences, holding that any fact that increases a defendant's mandatory statutory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. *See Alleyne,* 133 S. Ct. at 2155. As the Sixth Circuit has emphasized, however, *Alleyne* "left undisturbed our decisions holding that a defendant's knowing admission of the facts necessary for an enhanced sentence is fatal to his *Apprendi* claim." *United States v. Johnson,* 732 F.3d 577, (6th Cir. 2013); *see also United States v. Yancy,* 725 F.3d 596, 601 (6th Cir. 2013).

---

[3]It is not clear, in any event, what Petitioner might stand to gain if he were to show that § 2255's period of limitation should be equitably tolled. His claim for relief, after all, rests solely on the Supreme Court's decision in *Alleyne,* but this ruling, as explained, does not apply retroactively to Petitioner's collateral attack on his sentence.

5

In this case, Petitioner was charged with conspiracy to distribute one thousand or more kilograms of marijuana, (*see* First Superseding Indictment at 2), and he pled guilty to this offense pursuant to a Rule 11 plea agreement, (*see* Rule 11 Plea Agreement at 1-2; *see also* 6/26/2006 Plea Hearing Tr. at 12-13). Petitioner's guilty plea to this charged drug offense triggered a statutory sentencing range of 10 years to life, *see* 21 U.S.C. § 841(b)(1)(A), a range that was set forth in Petitioner's plea agreement, (*see* Rule 11 Plea Agreement at 2), and that Petitioner expressly acknowledged at his plea hearing, (*see* 6/26/2006 Plea Hearing at 8).[4]  Accordingly, because Petitioner's statutory sentencing range was determined entirely by his guilty plea and corresponding factual admissions, and was not increased as a result of any factual findings by the sentencing court, the principle announced in *Alleyne* is not applicable here.

To be sure, the application of the U.S. Sentencing Guidelines in this case resulted in an advisory guideline range of 360 months to life.  (*See* Rule 11 Plea Agreement at 7.)  Yet, as the Sixth Circuit has explained, "*Alleyne* dealt with

---

[4]Petitioner and his counsel deny these plain facts in the present motion, asserting that the threshold one thousand kilograms of marijuana that triggered a 10-years-to-life statutory sentencing range was neither charged in the indictment nor admitted to under oath at Petitioner's plea hearing.  (*See* Petitioner's § 2255 Motion at 5-6, 10, 16.)  The Court cautions counsel, in particular, that such misrepresentations of the record are inappropriate and may trigger the imposition of sanctions.  *See* Fed. R. Civ. P. 11(b)(3).

judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guideline range." *United States v. Cooper,* 739 F.3d 873, 884 (6th Cir. 2014). Thus, judicial factfinding that produces an increased advisory range under the Sentencing Guidelines does not run afoul of *Alleyne* or *Apprendi,* so long as this guideline range falls within the underlying statutory sentencing range determined through a jury's findings or the defendant's factual admissions. *See Cooper,* 739 F.3d at 884; *United States v. Carter,* No. 14-1091, 604 F. App'x 470, 473 (6th Cir. March 19, 2015).

In any event, Petitioner admitted to the facts that determined his 360-months-to-life guideline range in his Rule 11 plea agreement and the accompanying worksheets. (*See* Rule 11 Plea Agreement at 3, 7-8, Worksheet A.) He then affirmed these facts, with the exception of his supervisory role, at his plea hearing. (*See* 6/26/2006 Plea Hearing Tr. at 13-14.)[5] Thus, even if these facts could be deemed elements of the charged offense — though it is clear that they are not — Petitioner's admission to the facts that triggered each enhancement under

---

[5]Petitioner and his counsel once again have misrepresented this record, claiming that Petitioner did not admit to the facts that triggered enhancements under the Sentencing Guidelines for a quantity of marijuana in excess of the 1000-kilogram statutory threshold, for possession of a firearm in connection with the charged drug conspiracy offense, and for his supervisory role. (*See* Petitioner's § 2255 Motion at 5-6, 8, 10, 16; Petitioner's Reply at ¶¶ 7-8; Petitioner's Reply Br. at 8.) Counsel again are admonished to ensure that their submissions to the Court do not mischaracterize the record in this fashion.

7

the Sentencing Guidelines would defeat his appeal to *Alleyne. See Johnson,* 732

F.3d at 583-84; *United States v. Khan,* No. 11-20540, 2016 WL 6650334, at *6

(E.D. Mich. Nov. 10, 2016).

### III.  <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (docket #399)

is DENIED as untimely filed well beyond § 2255's one-year period of limitation.

Next, IT IS FURTHER ORDERED that, in the event that Petitioner might

seek to appeal any of the Court's rulings in the present opinion and order, a

certificate of appealability should be DENIED as to each claim asserted in

Petitioner's § 2255 motion and as to the Court's determination that this motion

was not timely filed, where (i) Petitioner has failed to make a substantial showing

8

of the denial of a constitutional right, and (ii) the Court's determination as to the

unavailability of § 2255 relief is not reasonably open to debate under the facts

presented here.

s/Gerald E. Rosen
United States District Judge

Dated: December 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

9