UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 04-80335
                                Hon. Gerald E. Rosen

ROBERT KEATHLEY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO SET ASIDE MONEY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 31, 2017

PRESENT:     Honorable Gerald E. Rosen
                         United States District Judge

Through the present *pro se* motion, Defendant Robert Keathley requests pursuant to Fed. R. Civ. P. 60(b)(4) that the Court set aside a $1 million money judgment entered against him on February 14, 2007. In support of this motion, Defendant contends that he lacked notice and an opportunity to be heard as to the entry of this judgment, and that the Court lacked the legal authority to enter this judgment. In addition, while the money judgment in question was entered many years ago and has never before been challenged, Defendant notes that a motion

under Rule 60(b)(4) for relief from a void judgment is not subject to a strict time limit, but instead must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

The Court readily concludes that Defendant has failed to identify a basis for relief from the February 14, 2007 money judgment. As the Government correctly points out in response to Defendant's motion, Defendant's claim of lack of notice prior to the entry of this judgment is wholly without merit. Rather, the $1 million judgment was expressly disclosed on the record at Defendant's June 26, 2006 plea hearing, (*see* Gov't Response, Ex. 4, 6/26/2006 Plea Hearing Tr. at 10), and Defendant explicitly agreed to the entry of this judgment when he signed his Rule 11 plea agreement, (*see* Gov't Response, Ex. 5, Rule 11 Plea Agreement at 5, 18). Faced with this evidence, Defendant has abandoned his claim of lack of notice in his reply brief in support of the present motion.

This leaves only Defendant's contention that the money judgment against him should be set aside as entered without the proper legal authority. Yet, even assuming this is so,[1] the law is clear that a judgment is not "void" within the

---

[1]This is an extremely dubious proposition, given that the two cases relied upon by Defendant in support of his motion **both** were reversed on appeal. *See United States v. Day,* 416 F. Supp.2d 79 (D.D.C. 2006), *rev'd in relevant part,* 524 F.3d 1361 (D.C. Cir. 2008); *United States v. Croce,* 334 F. Supp.2d 781 (E.D. Pa. 2004), *rev'd,* 209 F. App'x 208 (3d Cir. Dec. 22, 2006). While Defendant identifies additional cases in his reply

meaning of Rule 60(b)(4) simply because "it is or may have been erroneous." *Northridge Church v. Charter Township of Plymouth,* 647 F.3d 606, 611 (6th Cir. 2011) (internal quotation marks and citations omitted). As explained by the Sixth Circuit, "the fact that a . . . judgment may violate a federal statute . . . does not render the judgment 'void' under Rule 60(b)(4)." *Northridge Church,* 647 F.3d at 611-12. Accordingly, whatever the merit of Defendant's contention that the money judgment against him was entered in violation of the law, Rule 60(b)(4) does not provide an avenue for relief from this purportedly erroneous judgment.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to set aside money judgment (docket #424) is DENIED.

s/Gerald E. Rosen
United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

brief that purportedly call into question the Court's authority to enter a money judgment against him, none of the cited cases support this contention, and most of these rulings affirmatively refute it.